## Case No. 9,806.

### MORGAN v. RAILROAD CO. et al.

[1 Woods, 15.] [1]

Circuit Court, D. Louisiana. April Term, 1870.

CORPORATIONS—ACTION BY STOCKHOLDER TO PREVENT INJURY — OFFICERS DERELICT — PROPER PARTY TO BRING ACTION.

1. Unless a party has a right to sue in the local courts, he cannot sue in the federal courts. The latter cannot create a right to sue, and can only take jurisdiction when the right exists by law, and the plaintiff and defendant are citizens of different states.

2. A stockholder in a business corporation cannot sue in equity for relief against an injury done or threatened to the corporation in which he is a stockholder without an averment that the corporation or its officers are derelict in their duty.

3. The appropriate party to sue for such injury is the corporation itself, acting by its legal officers and managers.

4. The ownership of stock does not give the stockholder any legal estate in the property of the corporation.

[Cited in Kilgour v. New Orleans Gaslight Co., Case No. 7,764; Sala v. New Orleans, Id. 12,246; Gottfried v. Miller, 104 U. S. 528; Irvine v. Dunham, 111 U. S. 334, 4 Sup. Ct. 504.]

This was a bill in equity, which was heard upon the motion of complainant for a preliminary injunction.

Miles Taylor, for complainant.

John A. Campbell, for defendants.

BRADLEY, Circuit Judge. The plaintiff in this case has filed a bill for an injunction against the New Orleans, Mobile and Chattanooga Railroad Company, to prevent its doing a threatened injury to the Pontchartrain Railroad Company, of which the complainant is a stockholder; which threatened injury, the complainant alleges, will greatly diminish the value of his stock. It is not pretended that the Pontchartrain Railroad Company, or its officers or directors, are not competent and willing to vindicate its rights; or that they are guilty of any complicity with the defendants, or even of any neglect to perform their proper duties, for the protection of the interests of their stockholders. The only ap-

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

parent reason for the suit being brought in the name of the complainant is that he is a citizen of New York, and can maintain a suit against the defendants in the federal court; whereas the Pontchartrain Railroad Company, being a corporation of Louisiana, would be obliged to sue in the state court. This reason is not sufficient to give the complainant a right to maintain a suit. Unless he has a right to maintain a suit in the local courts, he cannot maintain one in the federal court. The latter court cannot create a right to sue; it can only take jurisdiction of such a right when it already exists by the state law, and when the complainant, at the same time, is a citizen of another state.

The demurrer in this case, therefore, raises the question, whether a stockholder of a business corporation can sue in equity for relief against an injury done, or threatened to be done, to the corporation of which he is a stockholder, without any averment that the corporation or its officers are derelict in their duty.

If such a writ has ever been maintained, it must have been at a period when corporations were much fewer, and when their powers and capacities were much less understood than they are at the present day; or because the objection was not taken to the proceeding.

The power to use a corporate name and seal, and to sue and to be sued by such name, is one of the essential and primary features of a corporation. Persons who are constituted a body politic or corporate lose, in respect of that association, their individual character and personality. A new and artificial person is created—totally distinct from the individuals who compose it. Its functions are not their functions; its property is not their property; its rights and liabilities are not theirs. Its officers and directors are not even trustees or agents of the stockholders, but trustees and agents of the corporation. The legal and equitable rights of the stockholders are, to vote at the stockholders' meetings, to participate in the profits, and to have the funds and property of the corporation devoted to their original use, and not diverted therefrom or otherwise wasted by the fraudulent act or willful neglect of the directors. For the vindication of these rights appropriate remedies exist, which act directly upon or against the corporation itself or the corporate officers who are charged with delinquency. And by and through the equity which the stockholder has against delinquent officers, he may often obtain relief against strangers combining with them. But in no other way can a stockholder prosecute a stranger for injuries done or threatened to the corporate property or franchises.

The appropriate party to sue for such injuries is the corporation itself, acting by its legal officers and managers. It is their duty to take care of the corporate interests. They are the only persons legally invested with the power to do it. The members of the corporation are clothed with a power to sue by the corporate name, and public policy requires that they should do so. The objects of the incorporation of the society would be largely defeated by allowing every member, at his discretion, to sue for real or supposed injuries to the corporate body. It would subject other parties to embarrassment. It would lead to an inconvenient multiplication of suits.

But, it is said that a stockholder has a direct legal interest in his stock, which may be affected by an injury to the corporation; and reference is made to the well known fact, that immense investments of capital are made in corporation stocks, which constitute a large portion of the funded property of the country; and that these stocks are really nothing but certificates of title deeds showing the proportionate interest of the holder in the property of the corporation itself. This is a specious statement of the case. But the conclusion aimed at is not true. The possession of capital stock does not give a person a particle of legal interest in the corporation property. Though he possess one-half the entire stock, he is not, therefore, one-half owner of the corporate property. The corporation still owns it all. There is no divided ownership in the case. Possession of the stock merely entitles the holder thereof to the incidental rights above enumerated— a right of vote, a right of dividend, a right of faithful appropriation of the funds. These rights are very different from the right of property. It is these rights which give value to the stock as a marketable commodity.

An injury to the corporate franchises or property will undoubtedly affect the market value of the stock; but that injury is so remote, indirect and consequential, that it can lay no foundation for an action or suit against the aggressor. The stockholder must rely on the corporation, which alone is directly affected by the injury, to obtain through its proper officers, the adequate redress. Should these officers refuse to perform their duty, then only can the stockholder appeal to the courts for aid against them, and through them for aid against the wrong doer. These principles are assumed as law in the cases of Dodge v. Woolsey, 18 How. [59 U. S.] 341; Bronson v. La Crosse R. Co., 2 Wall. [69 U. S.] 302; and Memphis City v. Dean, 8 Wall. [75 U. S.] 73. In the last case, the court say: "The judgment of the court in the case of Dodge v. Woolsey [supra] authorizes the stockholder of a company to institute a suit in equity in his own name against a wrong doer, whose acts operate to the prejudice of the interests of the stockholders, such as diminishing their dividends and lessening the value of their stock, in a case where application has first been made to the directors of the company to institute the suit in its own name, and they have refused. This refusal of the board of directors is essential in order to give the stockholder any standing in court, as the charter confers upon the direct-

ors representing the body of stockholders, the general management of the business of the company. There must be a clear default, therefore, on their part, involving a breach of duty, within the rule established in equity, to authorize a stockholder to institute the suit in his own behalf, or for himself and other stockholders who may choose to join." A large number of cases to the same purport will be found collected in Abb. Dig. Corp. tit. "Stockholders." See, also, Grant, Corp. 290–292; Ang. & A. Corp. (6th Ed.) § 391.

This is decisive against the right of the complainant in the present case to maintain his suit. So far from showing any complicity of the directors of the Pontchartrain Railroad Company with the defendants, or even any neglect or default on their part in protecting the interests of the corporation, the bill exhibits the record of a suit brought by the company in the state court for precisely the same relief which is sought here.

Under these circumstances, I have no hesitation in coming to the conclusion that the motion for injunction must be denied, and the bill dismissed.

Let a decree be entered accordingly.