## GOTTFRIED *v.* MILLER.

1. The right of a corporation to assign letters-patent, whereof it is the owner, is not affected by an attachment whereunder shares of its capital stock, belonging to a stockholder, were seized, and the assignment may be made by an instrument in writing not under seal.

2. A., on selling a machine containing a patented invention, warranted the title to it and the right to use it. He afterwards acquired a part interest in the letters-patent. *Held*, that the sale, so far as he is concerned, is a license to the vendee to use the machine. *Quære*, Are the other part owners estopped by the sale from setting up that by such use the letters-patent are infringed?

3. Under the contract between A. and the other part owners (*infra*, p. 525) all licenses granted by him were in effect confirmed.

APPEAL from the Circuit Court of the United States for the Eastern District of Wisconsin.

The bill of complaint alleged that Frederick Miller, the defendant, was infringing letters-patent No. 42,580, bearing date May 3, 1864, and granted to the complainants, Matthew Gottfried and John F. T. Holbeck, for an improvement in a

machine for pitching beer barrels.   It prayed for an injunction to restrain his further infringement, and for damages and an account of profits.

The only defence relied on was that on Nov. 25, 1872, John H. Stromberg, the owner of an undivided one-third of the entire interest in the letters-patent sued on, sold and delivered to the defendant, for his use forever, a machine for pitching barrels, containing some of the improvements purporting to be secured by said letters-patent; that the defendant paid for it; and since that date used, and was still using it; and that except as aforesaid he never in any manner used or employed the method or improvements, or the process or machine, set forth in the letters-patent.

The controversy relates to Miller's right to use the machine. The evidence establishes the following state of facts, about which there seems to be no dispute : —

The letters-patent were, as above stated, granted to Gottfried and Holbeck.  On Nov. 25, 1872, Stromberg sold to Miller a pitching machine containing, as the complainants asserted, the improvements covered by their letters-patent.   Miller claimed the right to use it, and did use it from the time of his purchase up to the date of filing this bill.   This is the infringement of which complaint is made.   The controversy depends on several transfers and other transactions between the parties who at different times had or claimed to have an interest in the patent.   They were as follows: On Dec. 19, 1870, Gottfried, one of the patentees, by written assignment, in consideration of five dollars paid, and a royalty to be paid of ten dollars on every machine to be manufactured by Holbeck, sold and transferred all his interest in the letters-patent and the invention to Holbeck, reserving, however, in the same instrument, the right to revoke it if the royalty should not be paid.   On Jan. 3, 1871, Holbeck, being then the sole owner of them, sold and assigned to Charles F. Smith and Henry C. Comegys an undivided two-thirds of all his title and interest therein ; on the 25th of that month, the title to them being at that time in Holbeck, Smith, and Comegys, they, by written assignment, transferred to the " Barrel Pitching Machine Company " of Baltimore all their right, title, and interest in and to various letters-patent,

including those to Gottfried and Holbeck. The assignment contained this provision: "The same to be held and enjoyed by the said company as fully and entirely as they would have been held by us if this assignment and sale had not been made, with the exception that the said company shall not assign to any one but ourselves any or all the interest in and to the above-named patents in the proportion as they are now held by us, this assignment to hold good until the dissolution or liquidation of the said company, when the said company shall reassign to us in the same proportions as now assigned by us." Afterwards, on June 1, 1871, Holbeck, Smith, and Comegys made a further assignment to the company of their interest in the letters-patent mentioned in the first assignment, which contained the following clause: "And provided also that this assignment shall continue in full force until the dissolution of said company, in which event, or in the event of the liquidation of the affairs of said company, the several interests of each grantor in said patents shall, subject to the lawful rights of the creditors of said corporation, be reassigned to each grantor."

On Dec. 9, 1875, the directors of the company resolved that all the right, title, and interest of the company acquired by the assignment from Smith, Comegys, and Holbeck, should be assigned and reconveyed to them for the sum of $500, and directed Charles F. Smith, the president of the company, to execute and deliver on its behalf an assignment to them.

On the 11th of that month, in pursuance of the resolution just mentioned, an instrument, purporting to be an assignment, for the consideration of $500, was executed by the company to Smith, Comegys, and Holbeck, of all its right, title, and interest in and to the patent. The attestation clause and signature were as follows : —

"In testimony whereof, and in pursuance of a resolution passed by said company on the ninth day of December, 1875, a copy of which is appended hereto, the said Charles F. Smith had hereto set his hand, as the act of the said company, this eleventh day of December, 1875.

(Signed)

"CHARLES F. SMITH,
"*President Barrel Pitching Machine Company.*"

On the same day, Smith, for the alleged consideration of $500, granted and assigned to Holbeck and Gottfried all his right and title to the patent; and afterwards, on June 7, 1876, Comegys transferred to Stromberg all his interest in the patent.

It next appears that on Oct. 9, 1876, Gottfried, Holbeck, and Stromberg, who are named as jointly interested in the patent, appointed, by a certain instrument in writing, J. H. B. Latrobe, of Baltimore, their attorney, with authority to prosecute suits against infringers of the patent, and to compromise or adjust the same. This instrument contained the following clause: —

" And it is understood that all expenses, costs, and charges, including counsel fees, attending the litigation, if any, shall be deducted from the collections aforesaid, and the balance paid over to the parties hereto in the proportion of their interest in the said patents, and particularly it is understood that the said John H. Stromberg shall be paid out of said collections, as fast as made, all moneys that he may have advanced in the prosecution of claims under said letters-patent."

This instrument bears the signatures and seals of Holbeck, Gottfried, and Stromberg. During the years 1877 and 1878 bills in equity were filed by them against various defendants, in which they averred themselves to be joint owners of the letters-patent.

On Dec. 15, 1879, Stromberg, in consideration of the sum of $5,000, assigned to Gottfried all his interest in the patent, and in all claims of every kind or nature for past infringements, and all rights of action arising out of, or connected with, infringements. This instrument of assignment recited the fact that Stromberg had theretofore disposed of rights and licenses under the patent as a part owner under mesne assignments of the same, and had caused suits to be instituted against infringers, and that it was a part of the consideration of the assignment from him that he should be released from all claim which Gottfried or Holbeck, or their assignees, might or could have against him for or by reason of any collections theretofore made by him, or his attorneys, or against any person or

persons to whom he had granted licenses to use the patented improvements; and it was then declared as follows:—

"Now, therefore, the said Matthew Gottfried and the said John F. T. Holbeck (the said Holbeck uniting herein for the purpose of carrying out the agreement aforesaid), for and in consideration of the premises, have released, and by these presents do hereby release, the said John H. Stromberg from all claim that they or either of them might or could have against the said Stromberg for or by reason of any collection he may have made from parties to whom he or his attorneys . . . may have granted licenses to use the said patented improvement, hereby ratifying and confirming all such licenses, and all the acts of the said Stromberg and his attorneys in the premises. And the said Matthew Gottfried doth hereby covenant and agree that he will save harmless the said Stromberg and his attorneys from all claims that may be made against them or either of them for or by reason of any interest which the said Gottfried and Holbeck or either of them may have given to any other party in the said letters-patent."

It appears also that in September, 1873, Charles F. Smith brought a suit against Henry C. Comegys in the Superior Court of Baltimore City, upon an indebtedness from Comegys to him, in which an attachment was issued and a seizure made of the shares of capital stock held by Comegys in the Barrel Pitching Machine Company, which proceedings, on October 27, resulted in a judgment condemning the stock, according to the laws of the State of Maryland, for the satisfaction of Smith's claim.

On the day upon which Stromberg sold the machine to Miller, he had no interest in the letters-patent and no license under them, and it is admitted that he infringed them by making and selling the machine to Miller.

At the January Term, 1881, on motion of both complainants, the court below dismissed the bill as to Holbeck. Upon a final hearing, in June following, a decree was rendered dismissing the bill as to Gottfried, who thereupon appealed.

*Mr. Thomas A. Banning* and *Mr. Ephraim Banning* for the appellant.

*Mr. E. H. Abbot* for the appellee.

MR. JUSTICE WOODS, after stating the case, delivered the opinion of the court.

The appellant rests his right to a decree in this case upon these grounds : *First,* that Stromberg never owned any part of the patent sued on ; and, *second,* that if he did, his ownership could not inure to the protection of the defendant Miller. We shall consider these contentions in the order stated.

Upon the first point we remark that it is entirely clear that the assignment of his interest in the patent by Comegys to Stromberg, dated June 7, 1876, transferred to the latter an interest therein, provided the retransfer of the patent by the Barrel Pitching Machine Company to Holbeck, Smith, and Comegys vested the title to the patent in them. Briefly stated, the following is the chain of title: Gottfried and Holbeck are the joint patentees ; Gottfried conveys all his interest in the patent to Holbeck, who, becoming thus the owner of the entire patent, conveys one undivided third to Smith and another to Comegys. Holbeck, Smith, and Comegys convey the entire interest in the patent to the Barrel Pitching Machine Company. The company reconveys its interest in the patent to its assignors, Holbeck, Smith, and Comegys; Smith conveys his interest to Gottfried and Holbeck, and Comegys conveys his to Stromberg.

The contention of the appellant is that the assignment of Dec. 11, 1875, by the Barrel Pitching Machine Company to Holbeck, Smith, and Comegys was not properly executed, and was, therefore, ineffectual to pass any title.

The assignment declares that in pursuance of a resolution passed by the Barrel Pitching Machine Company, and in consideration of $500 received by it from Smith, Holbeck, and Comegys, the said company has granted to them all its title and interest in said letters-patent. It is officially signed by Smith as president of the company, who declares the setting of his hand thereto to be the act of the company.

The resolution referred to in this assignment is in the record, from which it appears that the company decided to make the assignment, and directed Smith to execute and deliver the same to Smith, Comegys, and Holbeck on behalf of the company, on receiving from them the sum of $500.

On account of the want of the corporate seal and of the

manner of its execution, it is insisted by appellant that this assignment was not the transfer of the Barrel Pitching Machine Company, but the personal deed of Smith.

There is no ground whatever for this contention to stand on. Assignments of patents are not required to be under seal. The statute regulating their transfer simply provides that "every patent, or any interest therein, shall be assignable in law by an instrument in writing." 16 Stat., p. 203, sect. 36; Rev. Stat., sect. 4898.

A corporation may bind itself by a contract not under its corporate seal, when the law does not require the contract to be evidenced by a sealed instrument. *Bank of Columbia* v. *Patterson*, 7 Cranch, 299; *Fleckner* v. *Bank of the United States*, 8 Wheat. 338; *Andover, &c. Turnpike Corporation* v. *Hay*, 7 Mass. 102; *Dunn* v. *The Rector, &c. of St. Andrew's Church*, 14 Johns. (N. Y.) 118; *Kennedy* v. *Baltimore Ins. Co.*, 3 Har. & J. (Md.) 367; *Stanley* v. *Hotel Corporation*, 13 Me. 51. Even the parol contracts of a corporation made by its duly authorized agent are binding. *Fanning* v. *Gregoire*, 16 How. 524; *Fleckner* v. *Bank of the United States, supra*. The absence, therefore, of the corporate seal from the contract of assignment does not render it invalid or void.

The assignment is executed in the manner required by law of an agent when making a simple contract in writing for the corporation and by its authority. The rule as laid down by the authorities is that the agent should, in the body of the contract, name the corporation as the contracting party, and sign as its agent or officer. This is the mode in which bank-bills, policies of insurance, and many other contracts of corporations are ordinarily executed. *Mott* v. *Hicks*, 1 Cow. (N. Y.) 513; *Bowen* v. *Morris*, 2 Taunt. 374; *Shelton* v. *Darling*, 2 Conn. 435; *Brockway* v. *Allen*, 17 Wend. (N. Y.) 40.

The assignment under consideration purports on its face to be the contract of the Barrel Pitching Machine Company. It declares that the consideration has been received by the company; that it is executed in pursuance of a resolution passed by the company; and it purports to be signed by Smith, president of the company, who declares that he signs it as the act of the company.

. It would be an absurdity to hold that this instrument is the individual contract of Smith, and not of the Barrel Pitching Machine Company.

ɪ It is not the company which asserts that this instrument was ineffectual to divest it of title to the patent, and the record shows that the assignees therein named acted upon the assumption that the assignment vested them jointly with the title.

. We are of opinion, therefore, that the assignment was well executed by the Barrel Pitching Machine Company, and transferred the letters-patent to Holbeck, Smith, and Comegys, and that Stromberg, on June 7, 1876, by virtue of the assignment made to him on that day by Comegys, became vested with an undivided interest in the patent.

. It is contended by counsel for appellant that the attachment of the stock of Comegys in the Barrel Pitching Machine Company, at the suit of Smith, in the Superior Court of Baltimore City, prevented Comegys from acquiring any interest in the patent by the assignment thereof to Smith, Holbeck, and Comegys by the Barrel Pitching Machine Company, and, therefore, Comegys could convey no interest in the patent to Stromberg. This position seems to be founded on the clause of the instrument by which the patent was transferred to the Barrel Pitching Machine Company, to wit, that any reassignment of the patent to the assignors should be subject to the lawful rights of the creditors of the company.

. The answer to this contention is, that Smith was the creditor of Comegys, and not of the company, and the clause in the instrument of transfer to the Barrel Pitching Machine Company gave Smith no claim on the patent to secure a debt due him, not from the company, but from a stockholder in the company.

The fact that Comegys held stock in the company gave him no title to its property, and the attachment of his stock did not in the least incumber the property of the company, or prevent the assignment of the letters-patent by it to Smith, Holbeck, and Comegys, or the transfer by Comegys to Stromberg. *Morgan* v. *The Railroad Company*, 1 Woods, 15 ; *Bradley* v. *Holdsworth*, 3 Mee. & W. 422 ; *Arnold* v. *Ruggles*, 1 R. I. 165.

It remains to consider whether the sale by Stromberg to the defendant, Miller, of one of the pitching machines, containing the improvement described in the patent, protects him from liability for its use in this suit.

By the contract of sale, Stromberg warranted not only the title to the machine itself, but the right to use it. If, at the time of the sale, he had been the owner of the patent, the sale would have constituted a license to Miller to use the machine as long as it lasted. But Stromberg did not acquire any interest in the patent until long after the date of his sale to Miller.

If he had subsequently become the sole owner of the patent, his previous sale to Miller of a machine embodying his patented invention would have estopped him from prosecuting Miller for an infringement of the patent by the use of the machine. In analogy to estates in land by estoppel, Miller would have acquired a right to use the machine which could not have been controverted by Stromberg.

But having acquired only a part interest in the patent, we do not undertake to decide that his previous sale of the machine to Miller bound the other joint owners of the patent. It is clear, however, that such sale was a license to Miller to use the machine so far as Stromberg could grant a license. And in our opinion the covenants of Gottfried and Holbeck, in the contract by which Stromberg assigned his interest in his patent to them, are sufficient to protect Miller from this suit. In that contract it is declared to be part of the consideration of the transfer by Stromberg of his interest in the patent to Gottfried and Holbeck " that he should be released from all claims which Gottfried or Holbeck, or either of them, or any person to whom they, or either of them, may have assigned an interest in said letters-patent, might or could have against him, . . . or against any person or persons to whom Stromberg may have granted licenses to use the said patented improvement." And by said instrument Gottfried and Holbeck, for and in consideration of the premises, declare that they do release said Stromberg from all claims they or either of them may have against him or the parties to whom he may have granted licenses to use said patented improvement.

We think there can be no doubt that it was the purpose of all the parties to this instrument, and it is clearly expressed therein, that, as a part of the consideration of the transfer, Stromberg was released from claims against him arising out of his transactions in reference to said patent, and that all licenses granted by him were in effect confirmed. This contract, therefore, affords complete protection to Miller, the appellee, and is an effectual bar to the prosecution of this suit.

*Decree affirmed.*