By the Court:
(Cherrington, J.,
presiding.)
The action below was by Hughey, for breach of covenant in an alleged deed from the company, a corporation, purporting to convey certain lands in this state, to him. The answer set out as a defense that the instrument counted on, which was of recent date, was not the deed of the corporation because, as it alleged, the corporate seal had never been affixed to it. Its perfect execution and form in all •other particulars, was not questioned. Upon general' demurrer, the answer was held bad, and amendment not being asked, judgment was given for Hughey. Due exception was taken, and this aetion prosecuted, to reverse the com *20 mon pleas. The case therefore presents the single question, whether or not, under the laws of Ohio, it is necessary to affix the seal of a corporation to an instrument, otherwise perfect in form as a deed of its lands here, in order to make it operate ás a legal conveyance of the title thereto.
The ancient rule of the common law, that a corporation “spoke and acted only by its common seal” (2 Kent, 28), is familiar. And, as respects a strictly legal conveyance of lands, it long was applicable in this state. That was not, perhaps, by virtue merely of the principle it embodied, but also because from the act of 1808 (1 Chase, 44),down until 1883, our statutes required all deeds for the conveyance of lands in Ohio to be “sealed”, as well as signed, by the grantor. In the latter year, however, section 4 of the Revised Statutes was amended so as to declare that “private seals are abolished.” At the same time, sections 4106 and 4107 were changed by omitting therefrom the requirement that the deeds of natural persons, executed “within the state”, must be sealed, and by making them operative as legal conveyances of lands here, by the “signing, ” simply, of the proper grantors. (80 Ohio L., 79-80.) These sections have since been amended into the form which they now take in the Revised Statutes. (84 Ohio L., 133.) On the point in question, there are two changes which may be considered material. The first, and more important is, in expressly making all deeds of land in Ohio, effective in execution by signing, without sealing; and the second, in omitting the clause by which these provisions applied only to instruments executed in this state. The latter is not important in this case, save as it seems rather to enlarge and emphasize the new policy, by not requiring conveyances of lands in Ohio to be sealed, no matter where they were executed.
This, of course, does not in terms say that the deeds of corporations are effectual as legal conveyances of lands here, *21 when otherwise in due form, without their seal; though we should scarcely hesitate in giving the legislation referred to, this effect. But if any doubt existed, it would be removed by the settled principle, that “a corporation may bind itself by a contract not under its seal when the law does not require the contract to be evidenced by a sealed instrument.” (Gottfried v. Miller, 104 U. S., 527.)
If this be so,it is manifest that its deed, without seal, will be valid where the law under which it is executed makes such an instrument effective by signing, without being sealed. No essential distinction can be made in the application of the principle, between contracts for lands and conveyances of them. From this conclusion it obviously follows that the deed in question was not affected by the omission to seal it; the defense founded on that fact is therefore bad, and the court below properly sustained the demurrer thereto. Consequently its judgment must be affirmed.