KESSEL v. AUSTIN MIN. CO.

(Circuit Court, D. Nevada. April 2, 1906.)

No. 719.

1. SIGNATURES—MARK—WITNESSING.
   Under Cutt. Comp. Laws Nev. § 4634, which provides that the signature of a party shall be equally valid if the party cannot write provided he make his mark, his name being written near it, and the mark being witnessed by a person who writes his own name as a witness, a signature to a contract by the mark of the party, opposite which were the words, "Signed in the presence of J. E. C.—O. A. M.," was witnessed as prescribed by the statute, and the question whether the party made the mark or the person who wrote his own name thereto as a witness was simply a matter of evidence.

2. CORPORATIONS—CONTRACT—SIGNATURE BY MANAGER.
   A contract purporting in its body to be the obligation of a corporation and signed by F., manager, he having the authority to do so, was the contract of the corporation.

On Demurrer.

Henry Mayenbaum, for plaintiff.
Alfred Chartz, for defendant.

HAWLEY, District Judge. This action was brought in the state court (and thereafter removed to this court) to recover a sum of money due on a certain written contract set out in full in the complaint. The complaint alleges "that, in accordance, with the provisions of its charter and the powers thereby delegated to it, the said defendant by and through its duly appointed and acting manager, P. T. Farnsworth, did on the 4th day of January, 1895, contract with the plaintiff herein"; and then sets forth the nature of the contract. The said contract was in writing, and in words and figures as follows, to wit: "This agreement entered into this 4th day of January, 1895, between the Austin Mining Company, party of the first part, and James Kessel, party of the second part, witnesseth"—and then states the contract relating to the discovery of ore bodies by Kessel in the Great Eastern Mine, etc. It was signed by "P. T. Farnsworth, Mgr." and "James X Kessel." Opposite the signature of Farnsworth appears, "Signed in presence of M. C. Morris," and opposite the signature of Kessel appears, "Signed in presence of J. E. Cox—O. A. Murdock."

Defendant interposed a demurrer to the complaint on the ground "that said complaint fails to show or state that the mark of said plaintiff by which he signed and executed the alleged contract set out therein was witnessed as is required by law, and that said alleged contract as appears upon the face of said complaint was never signed or executed by the defendant herein, and that therefore said alleged contract is not binding upon defendant, and that no cause of action ever did or could accrue thereon against defendant herein."

Section 1 of the "act to provide for marks instead of signatures," approved December 17, 1862, reads as follows:

"The signature of a party, when required to a written instrument, shall be equally valid if the party cannot write, provided the person make his mark, the name of the person making the mark being written near it, and the mark being witnessed by a person who writes his own name as a witness." Cutt. Comp. Laws, § 2734. See, also, section 4634.

The signature of Kessel was witnessed as prescribed by this statute. The question as to whether Kessel made the X, or the person who wrote his own name thereto as a witness, is simply a matter of evidence. The authorities hold that in cases like the present an instrument executed by the mark of the party to be charged is binding when proved, even when there were no witnesses to the mark.

In State v. Byrd, 93 N. C. 624, 626, the court said:

"A mark, like the signature of a party, is intended to be evidence of the fact that the party making it made it and identifies himself with the paper writing signed in the way and for the purpose indicated in it, and it is just as binding ordinarily, without a subscribing witness as with one; but it may be proven, as a signature may be, by one who saw it made, or who heard the maker acknowledge it to be his, and the maker himself is generally a competent witness to prove that he made it."

See, also, Devereux v. McMahon, 108 N. C. 134, 143, 12 S. E. 902, 12 L. R. A. 205; Horton v. Murden (Ga.) 43 S. E. 786; Bank v. Glenn (Idaho) 77 Pac. 623; Willoughby v. Moulton, 47 N. H. 205, 207, and authorities there cited. In Ex parte Miller (Ark.) 3 S. W.

883, 4 Am. St. Rep. 17, some of the signatures to a petition were by mark, not attested by any witness, and the petitioners tendered evidence to prove that these signatures were genuine, and that the persons who wrote the names of the signers by mark were thereunto properly authorized. The court below refused to permit such testimony. The Supreme Court said:

"The proposed evidence was competent. The Code of Civil Practice, in laying down the rules for its construction, defines signature or subscription to 'include mark, when the person cannot write; his name being written near it, and witnessed by a person who writes his own name as a witness.' * * * In Watson v. Billings, 38 Ark. 278, 42 Am. Rep. 1, it is said by Mr. Justice Eakin that, since the adoption of the Code, the mark of one who cannot write is not to be considered a signature or subscription unless the person writing his name writes his own name as a witness. This only means that such a signature is not to be taken prima facie as genuine, without other proof of signing. It was not intended to exclude such proof."

As to the second point of the demurrer, but little need be said. It is purely technical and without any merit. The contract purports in its body to be the obligation of the Austin Mining Company, a corporation, defendant herein, and in the body of the complaint it is alleged that the contract was signed by P. T. Farnsworth, manager of said corporation, he having the authority so to do. It is not essential that the name of the corporation should appear in the signature. The intention of the parties is always the prevailing consideration in the construction of this class of contracts, and the intent is clearly stated in the complaint and shown upon the face of the contract. This is all that is essential. "The intent developed is alone material, and when that is ascertained it is conclusive." Whitney v. Wyman, 101 U. S. 392, 396, 25 L. Ed. 1050; Gottfried v. Miller, 104 U. S. 521, 527, 26 L. Ed. 851; Rogers v. Union Stone Co., 134 Mass. 31, 36. If the allegations of the complaint be true, the Austin Mining Company, a corporation, must be held to be the principal in the contract.

The demurrer is overruled.