WELSBACH LIGHT CO. v. COHN.

(Circuit Court, S. D. New York. June 21, 1910.)

1. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—MACHINE FOR MAKING INCANDESCENT MANTLES.

The Von Bultzingslowen patent, No. 638,004, for a machine for making incandescent mantles, was not anticipated and discloses invention, the machine being very successful and of substantial value; also, *held* valid as against the claim that the patentee was not the inventor, and infringed.

[Utility, extent of use, and commercial success as evidence of invention, see note to Doig v. Morgan Machine Co., 59 C. C. A. 620.]

2. PATENTS (§ 51*)—ANTICIPATION—UNUSED MACHINE.

One who invents and constructs a machine, but permits it to slumber, and neither applies for a patent nor makes any public use of it, cannot resort to such invention as an anticipation of a subsequent patent obtained by another.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 66–74; Dec. Dig. § 51.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. PATENTS (§ 129\*)—ASSIGNMENT—EFFECT AS ESTOPPEL.**

One who becomes a stockholder in a corporation organized for the purpose of taking title to a patent, and selling the same, and who participates in such sale and receives his share of the profits, is estopped to attack the validity of the patent as against an innocent purchaser for value.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 182½–186; Dec. Dig. § 129.\*]

**4. PATENTS (§ 64\*)—ANTICIPATION—APPLICATIONS PENDING AT SAME TIME.**

An inventor having two applications for patents pending at the same time, both of which disclose his invention, may base his broadest claims on the one which he considers shows the best form of mechanism, although it may be the later application, and the patent issued thereon will not be anticipated by a later patent issued on his earlier application.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 79; Dec. Dig. § 64.\*]

**5. PATENTS (§ 196\*)—ASSIGNMENTS—FORMAL REQUISITES.**

Patents are creatures of the federal statute, and an assignment is sufficient if it conforms to the requirements of Rev. St. § 4898 (U. S. Comp. St. 1901, p. 3387), regardless of the state statutes.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 275; Dec. Dig. § 196.\*]

**6. PATENTS (§ 289\*)—SUIT FOR INFRINGEMENT—LACHES.**

The fact that the owner of a patent permitted a suit for its infringement to be dismissed without a trial on the merits is not such laches as to bar a second suit against the same defendant.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 467–469; Dec. Dig. § 289.\*

Laches as a defense in suits for infringement, see notes to Taylor v. Sawyer Spindle Co., 22 C. C. A. 211; Richardson v. D. M. Osborne & Co., 36 C. C. A. 613.]

In Equity.     Suit by the Welsbach Light Company against Samuel Cohn.   Decree for complainant.

C. D. Kerr, Livingston Gifford, and C. P. Byrnes, for complainant.
Jos. L. Levy, for defendant.

MARTIN, District Judge.   This bill of complaint alleges, in substance, that the complainant is the owner of letters patent No. 638,004, granted November 28, 1899, to the Incandescent Mantle Machine Company as assignee of Bruno von Bultzingslowen, the patentee; that said company assigned said patent to the complainant October 18, 1900, for $22,500, and that the defendant is an infringer of said patent, and prays for an injunction and accounting.   The complainant insists that this is a pioneer patent, as applied to this particular work, and that the defendant is an infringer of claims 1, 5, 8, and 10 thereof.

The defendant by his answer, evidence, and argument contends:

First.  That Von Bultzingslowen was not the inventor of the patent in suit.   That defendant Cohn or Dr. Nienstadt was the real inventor. That Cohn prior to the time of Von Bultzingslowen's invention had constructed a machine which showed substantially the invention of the patent in suit, and that the complainant's patent is void for want of novelty.

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Second. That, if he was the inventor, his invention is not practicable.

Third. That Von Bultzingslowen obtained two patents, the one in suit and No. 659,617, and that claims 1, 5, 8, and 10 of the patent in suit disclose no patentable advance over those of said No. 659,617, which was issued upon the first application of the patentee.

Fourth. That the complainant is precluded by laches from maintaining this suit in equity.

Fifth. That the assignment to the complainant is illegal and void.

Sixth. That the defendant's device does not infringe.

These are the issues:

The patent in suit is for a machine to make incandescent mantles, used in lighting, which mantles are constructed of a knitted cotton fabric saturated with a solution of mineral salts and tubular in form. The cotton fabric is burned away, leaving a skeleton form of earthy substances, which gives out light under a high heat imparted by the flame. The earthy skeleton takes the exact form and appearance of the fabric, circular and seamless, and the top is brought together by shirring or folding and an asbestos cord inserted, from which the mantle is suspended over the flame. The process of shirring the top of the mantle was formerly done by hand, but is now done by a machine, which it is claimed is covered by the patent in suit.

The practical working of the complainant's machine is very successful and of substantial value in this particular work.

The shirring or folding of different kinds of cloth is not an invention, and is not claimed to be by the complainant. Such work has long been done by the hand and needle of the seamstress, but these mantles are seamless and cylindrical in shape. The shirring of the top and the insertion of the loop, when done by hand, required skill and experience to get the folds even, and was a slow and expensive process. The gathering together of one end of a bag and running a rope or string through the fold is not new. That can be, and has been, done by machines, but the manner of doing that work is wholly unlike the work required in the shirring and stringing of incandescent mantles.

The defendant claims that other machines manufactured before this patent was obtained were adapted to the shirring and stringing of incandescent mantles.

Hundreds of pages of testimony are devoted to the claim of the defendant that the White patent of 1899 developed in art practically every principle of the Von Bultzingslowen patent. The machine of the White patent had a slotted mantle supporting barrel with folder adapted to move outward through the barrel slots and formed radial folds, and a curved needle was adopted to engage the folds. While the inventor of the White machine sought to perform the same work as that of the complainant's machine, it was in an entirely different way, and far less satisfactory results were obtained. A careful examination of the design of the two patents, as well as the working of the machines constructed thereunder, shows conclusively that they are constructed on different ideas, and that the White machine was a failure, while the Von Bultzingslowen was a success.

It is claimed by the defendant that the Russell patent of 1903 showed the development of the same art that is claimed for the patent in suit. That is a machine for stringing bags. It folds bags and strings them together by the inserting of a needle, but it does not contain the essential elements of the complainant's patent for this particular work. That inventor made no claim for the shirring of a circular fabric like an incandescent mantle.

The Green patent is referred to in defendant's evidence, and it was claimed in argument to be a development of the same art as the patent in suit, but that is a plaiting attachment for sewing machines. The only essential process in the Green patent that is involved in the complainant's patent is the plaiting and needle insertion. Quite a number of other patents have been brought into the record which to my mind it is useless to discuss, as I am satisfied that they do not affect the particular claims of the patent in suit, for the infringement of which the complainant demands relief. I am satisfied from the evidence that the inventor of the patent in suit developed a new and useful process of making a cylindrical seamless incandescent mantle. The defendant Cohn testified, in substance, that he invented a machine that embraces the essential particulars set forth in the complainant's patent, and that he did that some years before the complainant's patent was applied for. He produced a machine as an exhibit and claimed that said machine was his invention, but that he laid it away in his house. He does not claim that he did anything more than to make mantles in a quiet way, which mantles he sold to the trade. There are circumstances which lead me to question this statement, but whether true or not he never made any public use of that machine. Neither was the inventor of the patent in suit informed of the defendant's invention or of the making of a machine by the defendant Cohn. If defendant Cohn did invent and construct a machine, as his testimony tends to show, he permitted his inventive genius as applied to that machine, if applied at all, to slumber. He cannot now resort to that silent invention of his unused machine as evidence affecting the state of the art when the patent in suit was obtained.

The evidence fairly shows that Von Bultzingslowen submitted his work to the defendant and some other persons, and their services were obtained in making improvements, especially in the application of the needle and shuttlecock arrangement, processes which are incidental to the real patent, but the defendant for that service accepted pay, and then made no claim that he had previously developed the real art embodied in Von Bultzingslowen's invention. Besides, the defendant, with others, became a stockholder of the Incandescent Mantle Machine Company, which company he then understood and knew was to be the owner of the Von Bultzingslowen patents. He participated in the sale of the patents from the Incandescent Mantle Machine Company to the complainant, and in the profits of the sale, and my conclusion is that whatever he did in developing a successfully working machine under the patent in suit has no bearing whatever upon the plaintiff's right of relief prayed for, both as to the specific recovery and restraint.

Quite a portion of this bulky record is devoted to the claim of Dr. Nienstadt to the effect that Von Bultzingslowen got his ideas of the

patent in suit from him. The testimony of Dr. Nienstadt, introduced by the defendant, is seriously contradicted, but I do not deem it advisable to enter into a protracted discussion as to the nature and effect of his testimony, in view of the fact that he became a stockholder of the Incandescent Mantle Machine Company, and practically admits that he received his stock and some payments of money to quiet his claim as to being the real inventor of the Von Bultzingslowen patent. The Incandescent Mantle Machine Company was organized for the sole purpose of taking and holding title of the Von Bultzingslowen patents until they could make sale of the same. Dr. Nienstadt, as a stockholder of that company, became interested in' these patents, and, whether he took that stock to become a real owner in good and valid patents or as hush money, the defendant Cohn cannot now, through Dr. Nienstadt, be permitted to invalidate those patents in the hands of an innocent purchaser from said company.

Witnesses have testified in contradiction of each other as to what Von Bultzingslowen, Dr. Nienstadt, defendant Cohn, and others did in working on the patent, what amounts of money were paid, who paid it and when, yet all agree that the final arrangement made was to have these patents issued to the Incandescent Mantle Machine Company, in which all these persons were to be stockholders. They were all interested in the sale of the patents to the complainant, and the Incandescent Mantle Machine Company received a substantial sum from the sale to the complainant. These different persons named in the record received benefit from the sale. While I find from the evidence that Von Bultzingslowen was the real inventor, yet, in view of these facts, I do not deem it material to enter into a discussion of this conflicting testimony and state my findings as to the balance of proof that leads me to this conclusion. I hold, under the facts developed by the evidence, that defendant Cohn is estopped from attacking the patent involved in the case at bar.

### Double Patents.

The defendant devoted many pages of his brief and much time in argument to the claim that Von Bultzingslowen obtained two patents which the complainant claims to own, and that this suit is brought upon the wrong patent. The patentee, Von Bultzingslowen, made two applications for patents, and they were co-pending, and both disclosed the essential elements of the patent. The broad invention applies to both patents. He chose, as his first and basic patent, the application which was filed last, so the first patent obtained was upon the second application, and it is the patent upon which this suit is brought. May not a patentee, having two or more applications pending at the same time, base his broadest claims upon the particular application which he considers shows the best form of mechanism? If he does that in the first patent taken out, although it may rest upon a later application, and the first application is followed by later patents, can it be said that the first is void? I think not. This question seems to be covered by the following cases: Victor Talking Machine Co. et al. v. American Graphophone Co., 145 Fed. 351, 76 C. C. A. 180; Ide et al. v. Trorlicht, Duncker & Renard Carpet Co. et al., 115 Fed. 137, 53 C. C. A. 341; Anderson v. Collins, 122 Fed. 451, 58 C. C. A. 669.

## Assignment.

The patent in suit was issued, as before stated, to the Incandescent Mantle Machine Company of New York, and by that company assigned to the complainant, the Welsbach Light Company. The assignment was duly executed by the Incandescent Mantle Machine Company through Alwin von Auw as its president. The seal of the company was attached thereto, and the same was duly acknowledged before a notary public. The defendant contends that the acknowledgment is not in the form prescribed for corporate acknowledgments under the laws of New York, and therefore is invalid.

The statutes of the United States, § 4898, provide that:

"Every patent, or any interest therein, shall be assignable in law by an instrument in writing * * * and shall be acknowledged before any notary public. * * * The certificate of such acknowledgment under the hand and official seal of such notary or other officer shall be prima facie evidence of the execution of such assignment." (U. S. Comp. St. 1901, p. 3387.)

This is the statute upon which the question of assignment must rest. Patents are creatures of the federal statute, and it is within the province of Congress to provide the manner of their transfer.

Giving this statute the construction that was given it by Justice Woods in Gottfried v. Miller, 104 U. S. 521, 26 L. Ed. 851, there seems to be no question as to the validity of this transfer. This defendant, as a stockholder in the corporation, received valuable consideration for this patent, and should not in equity be permitted to challenge the title. Whether the defendant is estopped or not, I think the title in the complainant sufficiently appears.

## Laches.

The defendant claims that the complainant is guilty of laches, in that two suits were brought under two patents, which suits were not prosecuted and were finally dismissed for want of prosecution. Neither of said suits was tried on the merits. The defendant knew from the first all about the complainant's patent, what claims the complainant was making under it, and of the complainant's claim of defendant's infringement thereof. The fact that the complainant did not press its former suits to judgment or make greater protest against the defendant's use of his machine under his patent may be entitled to consideration upon an accounting for damages, but the defendant's claim as to laches cannot stand as a bar to this action.

## Infringement.

Has the defendant infringed? The machine of the complainant shirs the mantle head of the fabric for the insertion of the needle. It is so shirred as to lie across the path of the needle. Or, in other words, it is a mantle shirring machine having a notched or toothed central folder with intermeshing side folders, which, acting together, corrugate a fabric by their intermeshing engagements with side guards which hold the mantle in place while being perforated by the needle.

The defendant's machine grips the shirred head of the mantle fabric outside and inside when being pierced by the needle, and does the same work, though the thread of the defendant's machine is inserted in the

forward stroke, while that of the patent in suit is by the backward stroke. The jaws of the defendant's machine that fold the mantle head work simultaneously while those of the complainant work singly, but the principles of each are the same.

It is useless to discuss other differences in the two machines, for it cannot be seriously questioned that in this particular line of work the defendant's machine, accomplishing the same purpose, embodies substantially the principles of claims 1, 5, 8, and 10 of the patent in suit.

The complainant may have decree as prayed for in his bill.