MOORE, Circuit Judge,
with whom CHEN, Circuit Judge, joins, concurring in the denial of panel rehearing.
Synopsys, Inc., Synopsys Emulation and Verification S.A.S., and EVE-USA, Inc. (“EVE”) (collectively, “Synopsys”)[1] petition for rehearing, arguing our court should abolish assignor estoppel. We recognize that assignor estoppel may arise in multiple fact patterns, each of which would result in a unique balancing of the equities. We may be inclined to reconsider the breadth of the doctrine of assignor estop-pel, but this case is not a proper vehicle to do so. Synopsys devoted approximately one page of its brief to this court to the issue of assignor estoppel where it argued nothing other than we should eliminate the doctrine because in Lear, Inc. v. Adkins, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969), the Supreme Court “demolished" the doctrinal underpinnings of assignor es-toppel.” Synopsys Br. 42. Synopsys’ peti-. tion for rehearing was no more detailed. In a little over two pages it argues that the doctrine of assignor estoppel should be abolished. Synopsys PFR Br. 13-15.
To be clear, Synopsys has made no arguments to this court regarding the scope of the assignor estoppel doctrine or its applicability to this particular case. For example, it makes no arguments in any briefing that applying the doctrine to this case would be improper because of rules of privity, the facts of this case, the nature of the employee/employer relationship, the nature of the compensation conveyed for the assignment, or that the assignment was not knowing or voluntary. It has asked this court to take the case en' banc to answer a binary question: abolish or not. It has not argued that the doctrine is too broad as applied in this case. Because we do. not believe we can or should eliminate the doctrine in its entirety, we decide not to rehear this case. .
An amicus brief (the “Professors Brief’) argues we should rehear this- case en banc because “there is no basis for expanding assignor estoppel-.outside the narrow circumstances addressed in the Supreme Court’s cases.” Professors Br. 7. The Professors Brief does not argue that we can or should abrogate assignor estoppel but rather that our court has expanded it in ways which undermine important public policy goals and interfere with employee mobility. Id. at 5-7; see also Mark Lemley, Rethinking Assignor Estoppel, 54 HOUS. L. REV. 513, 540-42 (2016) (re'cognizing the wisdom of a continued role for the doctrine). There may someday be a case which argues these points to this court (which Synopsys has not) and presents a record which would allow us to consider these issues in the context of an actual case, but this is not such a case.
The Professors Brief complains that the Federal Circuit has expanded privity notions beyond appropriate bounds,[2] Profes *1305 sors Br. 5-7, and “has expanded the doctrine. beyond cases where an inventor knowingly and voluntarily transfers a patent.” Id. at 6. The Professors Brief does not suggest, nor does the party briefing suggest, that any such expansion has occurred in this case. Synopsys made arguments related to 'privity before the district court, which it lost. And it chose not to appeal those issues. As already explained, there is no dispute presented to this court which causes us to consider whether the equities in this case warrant application of the assignor estoppel doctrine to Synop-sys. We are not an academic tribunal. Our job is to decide cases based on their facts. And in this case, Synopsys did not argue applying assignor estoppel to the facts of this case is unjust, unfair, or in any manner inequitable.
Synopsys’ argument that we should eliminate assignor estoppel is foreclosed by Westinghouse, where the Supreme Court held that an assignor could be es-topped from challenging the validity of a patent in certain situations. See Westinghouse Elec. & Mfg. Co. v. Formica Insulation Co., 266 U.S. 342, 353, 45 S.Ct. 117, 69 L.Ed. 316 (1924). We are bound by this precedent. Cf. Rodriguez de Quijas v. Shearson/Am. Express, Inc., 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989) (“If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.”).
In particular, the Supreme Court analogized assignor estoppel to estoppel by deed in Westinghouse. 266 U.S. at 349-50, 45 S.Ct. 117; see also Gottfried v. Miller, 104 U.S. 521, 26 L.Ed. 851 (1881). Estop-pel by deed prevents the grantor from later denying the truth of the deed. The Supreme Court applied this principle from the law of" real property to intellectual property in Westinghouse:
The analogy between estoppel in conveyances of land and estoppel in assignments of a patent right is clear. If one lawfully conveys to another a patented right to exclude the' public from the making, using and vending of an invention, fair dealing should prevent him from derogating from the title he has assigned, just as it estops’a grantor of a deed of land from impeaching the effect of his solemn act as against his grantee. The grantor purports to convey the right' to exclude others, in the one instance, from a defined tract of land, and in the other, from a described and limited field of the useful arts.
Westinghouse, 266 U.S. at 350, 45 S.Ct. 117. Thus, the Supreme Court has endorsed at least one application of assignor estoppel, and we are therefore precluded from doing away with the doctrine in its entirety.
Synopsys’ primary criticism of assignor estoppel is that fifty years ago the Supreme Court eliminated licensee estoppel in Lear, and according to Synopsys,, the same logic ought to result in,the elimination of assignor estoppel. In Lear, the Supreme Court ultimately held that the public interest in the free use of ideas in the public domain outweighed the unfairness of potentially depriving the licensor of *1306 the full value of his contractual rights. Id. at 670-71, 89 S.Ct. 1902. However, the issue of assignor estoppel was not squarely before the Court in Lear.
When an inventor/assignor assigns his patent rights to someone else for value, he may make an implicit representation that what he sold has value. See Diamond Scientific Co. v. Ambico, Inc., 848 F.2d 1220, 1224-25 (Fed. Cir. 1988). This implicit representation may warrant application of assignor estoppel. Id. at 1225. A licensee has not made a similar representation. The licensee did not sell the patent itself to the licensor. The licensee did not sign oaths or declarations or make assertions implicitly or explicitly about the patent’s validity before inducing another to make an investment based on the perceived worth of the patent. Thus, the Supreme Court’s abolition of licensee estoppel in Lear does not directly bear on the continued vitality of assignor estoppel. Diamond Scientific, 848 F.2d at 1224 (“Unlike the licensee, who, without Lear might be forced to continue to pay for a potentially invalid patent, the assignor who would challenge the patent has already been fully paid for the patent rights.”).
Because the record in this case and the arguments put forth by the parties do not convince us that we can or should entirely abolish the doctrine of assignor estoppel, we decide not to rehear this case.

. EVE is a subsidiary of Synopsys. References to Synopsys refer to all the Synopsys and EVE ' entities unless otherwise noted.

. The question of privity and the extent to which assignor estoppel ought to prohibit a future employer of the inventor/assignor from challenging the validity of the patent is an interesting one not raised by the parties on *1305 appeal in this case. This court has held that whether the assignor estoppel doctrine ought to apply to a future employer is a case specific determination that depends on the equities and the nature of the employee's role in the new company. See, e.g., Shamrock Tech., Inc. v. Med. Sterilization, Inc., 903 F.2d 789 (Fed. Cir. 1990). Given that Synopsys has made no arguments at any stage of this appeal challenging the extension of the inventor’s assign- or estoppel to it, this case does not provide a vehicle for consideration of these privity issues.